# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

GERSON CADET,

    Plaintiff,

v.                                          Case No: 8:17-cv-1717-JSM-TBM

HALSTED FINANCIAL SERVICES, LLC,

    Defendant.

## ORDER

THIS CAUSE comes before the Court upon Plaintiff's Motion for Default Judgment (Dkt. 11). The Court will grant the default judgment as described herein.

## BACKGROUND

On July 17, 2017, Plaintiff Gerson Cadet filed his Complaint (Dkt. 1) against Defendant Halsted Financial Services, LLC, initiating this action. Defendant collects debts for other parties. Plaintiff alleges that Defendant called him in about April 2017 attempting to collect a medical debt from Plaintiff. Plaintiff received another call in about May 2017 and on the call, informed Defendant that Plaintiff did not receive emergency care in Pennsylvania and was not responsible for the medical debt Defendant was attempting to collect. Plaintiff asked Defendant to stop calling him on his cell phone. Plaintiff alleged that Defendant continued making attempts to collect the debt from him using unlawful means, thereby violating the Telephone Consumer Protection Act ("TCPA"), the Fair Debt

Collection Practices Act ("FDCPA"), and the Florida Consumer Collection Practices Act ("FCCPA").

Defendant was served with the Complaint on July 20, 2017, but did not respond. Accordingly, on August 15, 2017, Plaintiff sought an entry of default against Defendant. The Court entered the default on August 16, 2017. Plaintiff now seeks a default judgment awarding him statutory damages, reasonable attorney's fees, and costs.

## DISCUSSION

A defendant who defaults is deemed to have admitted all well-pleaded allegations of fact in a complaint. *See Nishimatsu Const. Co. v. Houston Nat. Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). As a result, a court may enter a default judgment against a party who has failed to respond to a complaint, assuming the complaint provides a sufficient basis for the judgment entered. Fed. R. Civ. P. 55; *Surtain v. Hamlin Terrace Foundation*, 789 F.3d 1239, 1245 (11th Cir. 2015) (internal citation omitted). Likewise, a court may award damages pursuant to a default judgment if those damages are adequately supported by the record. *See Adolph Coors Co. v. Movement Against Racism and the Klan*, 777 F.2d 1538, 1544 (11th Cir. 1985) (internal citations omitted). The court may award damages without a hearing if the amount claimed is a liquidated sum or one capable of mathematical calculation. *Id.* at 1543 (internal citation omitted).

I.   **TCPA**

The TCPA makes it unlawful to place non-emergency telephone calls using an automatic telephone dialing system or an artificial or pre-recorded voice without first obtaining the recipient's express consent. 47 U.S.C. § 227(b)(1)(A)(iii). It is the caller's

burden to prove that it had prior express consent to place the calls. FCC Declaratory Ruling, FCC 07-232, ¶ 10 (Dec. 28, 2007). The TCPA provides for statutory damages of $500 per violation of the statute. 47 U.S.C. § 227(b)(3)(B).

Plaintiff's Complaint alleges that Defendant placed at least fifty (50) calls to Plaintiff. (Dkt. 1, ¶ 41). Plaintiff's Motion for Default Judgment alleges that Defendant placed twenty-six (26) calls to the Plaintiff, twenty-five (25) of which occurred after Plaintiff asked Defendant to stop calling his cell phone. (Dkt. 11, p. 5). The affidavit Plaintiff attached to his Motion for Default Judgment states that Plaintiff received "in total…at least 26 calls from Defendant…25 of which occurred after [Plaintiff] informed the Defendant that [Plaintiff] did not owe debt for [a] hospital visit in Pennsylvania." (Dkt. 11, Exh. 1). Since there is a conflict between the Complaint and the Motion and its Affidavit, the Court will make its determinations using twenty-five (25) calls, the amount of statutory violations alleged in Plaintiff's sworn Affidavit.

Plaintiff's well-pleaded allegations—which Defendant has admitted due to its default—demonstrate that after Plaintiff requested that Defendant stop calling his cell phone, Defendant placed approximately twenty-five (25) non-emergency calls to Plaintiff in an effort to collect on his debt. (Dkt. 11, p. 5). Defendant made these calls using an automatic telephone dialing system and left voicemails using a pre-recorded voice. (*Id*. ¶¶ 34-35). Given that Defendant defaulted, it has not proven that it had Plaintiff's prior express consent to place these calls. Therefore, Defendant is liable for twenty-five (25) violations of the TCPA and **$12,500** in statutory damages. *See Lary v. Trinity Physician*

*Fin. & Ins. Servs.*, 780 F.3d 1101, 1106 (11th Cir. 2015) (noting that "[i]n plain terms" the TCPA allows a plaintiff to recover $500 in damages for each violation).

## II.    FDCPA

The FDCPA prohibits abusive, deceptive, and unfair practices by debt collectors. *See* 15 U.S.C. § 1692. A debt collector that violates the FDCPA is liable for statutory damages of up to $1,000, as well as reasonable attorney's fees and costs. 15 U.S.C. § 1692k(a). To determine the appropriate amount of statutory damages, the court must consider the nature of the defendant's noncompliance, the frequency and persistence of the noncompliance, and the extent to which the noncompliance was intentional. 15 U.S.C. § 1692k(b)(1).

Plaintiff alleges that Defendant violated several provisions of the FDCPA. (Dkt. 1 ¶¶ 69–71). Plaintiff requests statutory damages in the amount of $1,000. The Court reduces this amount to a statutory award of **$250**. *See* 15 U.S.C. § 1692k (providing that a debt collector who fails to comply with [the FDCPA] is liable for any actual damages and "such additional damages as the court may allow, but not exceeding $1,000."). Although Plaintiff is recovering $12,500 for the phone calls made by Defendant, Defendant also sent Plaintiff a settlement offer in an attempt to settle the debt. Accordingly, additional damages under the FDCPA are justified.

## III.    FCCPA

The FCCPA is modeled after the FDCPA and prohibits similar conduct by debt collectors. Like the FDCPA, the FCCPA provides for actual damages, additional statutory damages "as the court may allow" of up to $1,000, reasonable attorney's fees, and costs.

Fla. Stat. § 559.77(2). Plaintiff alleges that Defendant violated several provisions of the FCCPA. (Dkt. 1 ¶¶ 63–66). Plaintiff requests statutory damages in the amount of $1,000. The Court, in its discretion, reduces this amount to **$250**.

For the foregoing reasons, it is ORDERED AND ADJUDGED that:

1. Plaintiff's Motion for Default Judgment (Dkt. 11) is granted.

2. Plaintiff is entitled to statutory damages in the amount of $12,500.00 for violations of the TCPA, $250.00 for violations of the FDCPA, and $250.00 for violations of the FCCPA, as well as reasonable attorney's fees and costs.

3. Plaintiff shall file a motion which attaches documentation in support of his request for attorney's fees and costs within fourteen (14) days of this Order.

4. The Clerk is directed to enter judgment in favor of Plaintiff and against Defendant in the amount of $13,000.00, which shall accrue post-judgment interest at the legal rate until paid in full.

5. The Clerk shall terminate all pending motions and close this case.

**DONE** and **ORDERED** in Tampa, Florida, on October 19, 2017.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record